[Civ. No. 17268.   Second Dist., Div. One.   Apr. 5, 1950.]

## LA VERNE VOLKERING, Respondent, v. WILLIAM ALLEN, Appellant.

Fred Horowitz and Alvin F. Howard for Appellant.

Don Lake for Respondent.

DORAN, J.—This is an appeal from a judgment in an assault and battery action, awarding respondent compensatory damages in the sum of $5,000, and exemplary damages of $1,000. The appellant complains that the trial judge committed error in refusing to grant a continuance, in giving certain jury instructions, and on the ground that the award of damages is excessive.

The record discloses that the plaintiff, defendant, and another couple, had been dining, drinking and dancing at the Paris Inn from about 9:30 p. m. until about 12 or 12:30 a. m. on November 8, 1947. The party then proceeded to a parking lot preparatory to returning home, where the appellant "started to get fast or fresh" with the respondent. When

the respondent attempted to get out of the car to escape appellant's advances, the latter "picked up the (respondent's) bag and started beating on me with it . . . on the head and back."

After beating Miss Volkering with the handbag Allen "threw my bag and it landed on the pavement but it hit me . . . back of the ear." Respondent then "ran to call Mary and she was opening the door (of the other car) and I went to get in the car and at that time Mr. Allen (appellant) grabbed me from behind and pushed me forward and as I fell into the car I broke my arm." Sam Richardson, driver of the other car then "started around and started punching" at appellant and the latter "stepped into his car and drove away." According to the respondent's testimony, appellant subsequently "said he was very sorry that it happened to me and to not worry about anything because he would take care of my bills," but that appellant never paid any of the expenses.

In respect to appellant's intoxication at the time of the assault, Allen testified, "I paid for about six or eight rounds (of whiskey and mixed drinks)." Both Miss Volkering and Mary Van Skuyk gave testimony that "every time drinks were ordered Mr. Allen would drink mine and Mr. Richardson's and Mary's"; that appellant "drank practically all that came to the table," and that "he was pretty drunk"; that the other three were all sober. Appellant denied being intoxicated and testified that respondent and Mr. Richardson were "trying to rob me," whereupon appellant gave Miss Volkering a push and "she fell backwards into the automobile."

As a result of the assault respondent suffered "a spiral fracture at the junction of the middle distal third of the left humerus," further described as "a fracture sort of corkscrew in character, and it involved the bone from the shoulder to the elbow." This required "an open reduction (which is) opening the fracture site by surgery and aligning the bones in the proper position and then we put in three metal screws to hold the fragment together." Such procedure, it was testified, left a permanent scar with possibility of a "flareup as a result of these screws being in the arm." At the time of trial, Miss Volkering still suffered intermittent aches and pains, and testified, "I do not have full extension (of the arm) . . . I don't have as much strength in it as I have in the other one but it has recovered pretty well." Other

injuries were described as "the black and blue part behind my ear when the purse was thrown at me, and then my chin was skinned."

One of the main contentions made in appellant's brief is in respect to the trial court's refusal to grant a continuance. The brief states: "This case was originally set for trial on January 10, 1949, and not continued at any time. On December 21, 1948, some twenty days before trial, Marshall Abbott, defendant's attorney, was stricken with a heart attack which prevented his doing any trial work for a period of 90 days. (Suppl. Clk. Tr. p. 1)." When the case was called for trial in the Master Calendar Department, the facts concerning Mr. Abbott's illness were presented by way of affidavit by Attorney Alexander L. Oster, whose business address appears to be the same as that of Attorney Abbott.

Defendant's motion for a continuance was denied and the cause transferred to Department 18 for trial. In the latter department when the case was called Attorney Oster made the following statement: "If the Court please, may the record show that Marshall Abbott is the attorney for the defendant and I am appearing for him. I made a motion for continuance in Department 1, which was denied. I do not appear regularly, I just appear for Marshall Abbott." A jury was then impaneled; the trial proceeded and five witnesses including plaintiff and defendant, gave testimony. Attorney Oster conducted the case on behalf of the defendant.

While admitting that "The motion for continuance was addressed to the discretion of the judge presiding in the Master Calendar Department," appellant contends that there was abuse of such discretion; that "defendant was forced to trial without his attorney, not to serve the ends of justice, but to serve no purpose whatsoever," and that "Mr. Oster was forced to 'represent' defendant."

Appellant's second contention is that "The Court erroneously instructed the jury concerning the items recoverable," in that the jury was instructed that plaintiff could recover the cost of physicians' and surgeons' services, nursing, hospitalization and care "reasonably certain to be required in her future treatment." This claim is predicated upon the assertion that the complaint does not allege any such elements of damage, and that there was no evidence to show any "probability" of such future need. Respondent's brief, however, calls attention to the fact that the complaint does allege general damages which would include an award for future detri-

ment. As hereinbefore indicated the record contains medical testimony to the effect that plaintiff still suffered intermittent pains and that there was a possibility of a "flareup."

It is also argued that the trial court erroneously instructed that plaintiff could recover exemplary damages if defendant were "guilty of oppression, fraud or malice, express or implied"; and that malice might be "established either by proof or presumption of law." Answering this contention respondent's brief states that the court quoted the statute regarding exemplary damages, and avers "that defendant was guilty of oppression and malice cannot be gainsaid." Respondent also cites *Davis* v. *Hearst,* 160 Cal. 143 [116 P. 530] holding that malice may be shown by an attempt wrongfully to injure another.

Finally, appellant contends that the award of general damages in the sum of $4,280 in addition to exemplary damages and special damages, was excessive. It is claimed that there was no testimony showing that plaintiff suffered pain "other then aches and pains in her arm during damp weather . . . not described as severe or sharp. There is no testimony of any anxiety or nervous shock or suffering. There is no testimony of any permanent injury other than a scar on her upper arm resulting from the incision of an operation." Respondent, however, draws the conclusion from the evidence that "appellant . . . without cause, brutally attacked and struck to the ground a young woman, . . . respondent here, breaking her arm and bruising and marring her face, and causing permanent scars and producing intermittent but permanent aches and pains, especially in her broken arm."

Consideration of the facts of the case as evidenced by the record leads to the reasonable conclusion that no error of a prejudicial nature was committed by the trial court. Insofar as relates to the denial of a continuance, this, as stated in appellant's brief, is a matter of judicial discretion with which there should be no interference unless an abuse of discretion is established. Far from establishing such an abuse in the instant case, the record reflects an orderly and able presentation of the defendant's case. That the jury did not credit the defendant's account of what occurred and rendered judgment for the plaintiff, in no way indicates that defendant did not have a fair trial.

The same may be said in respect to the giving of instructions on the subject of damages, and the amount of the

award. Evidence was before the jury which, if believed, indicated a brutal and unprovoked assault which resulted in serious injuries to Miss Volkering. As a matter of law it cannot well be said that the award was so great as to be deemed excessive. Nor were the instructions, considered as a whole, prejudicial to the rights of the appellant.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied April 20, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 1, 1950.